**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BIFANG LIU,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   16-71369

Agency No. A205-183-106

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2022[**]
Pasadena, California

Before: KLEINFELD, MILLER, and COLLINS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bifang Liu ("Liu") argues in her petition for review that the BIA erred in upholding the IJ's adverse credibility determination.[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

We review adverse credibility determinations for substantial evidence—under this standard, an agency's finding is conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.  *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021).  We must consider the totality of the circumstances.  *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

The BIA relied on four inconsistencies in upholding the adverse credibility determination.  The first, whether Liu was outside or inside her house when abducted by Director Xu, is not supported by substantial evidence in the record, and in any event is trivial.  *See Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011).  But the second, whether Liu's daughter was home alone or with Liu's mother-in-law, is supported by the record and is not minor.  And even minor inconsistencies

---

[1] Liu's brief does not challenge the denial of CAT relief and any challenge is therefore forfeited.  *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012).

2

can "constitute the basis for an adverse credibility determination." *Id.* at 1089. The third, where Liu lived after she divorced, she does not challenge. The fourth, whether she attended university and where she worked in China, Liu attacks as tangential to her claim. But it is not minor. Though it does not go to the heart of her claim, inconsistencies do not need to go to the heart of her claim. 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence also supports the agency's conclusion that Liu's documentary evidence was not sufficient to rehabilitate her credibility or independently support her claim for asylum. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

We conclude, considering the totality of the circumstances, that substantial evidence supports the adverse credibility determination. **PETITION DENIED.**